**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BYRON R. KOERING, | No. 10-55585 |
| Petitioner - Appellant, | D.C. No. 5:09-cv-00374-SJO-DTB |
| v. | |
| TERRI GONZALEZ, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted March 5, 2013
Pasadena, California

Before: GOODWIN, WARDLAW, and GOULD, Circuit Judges.

Pursuant to a limited certificate of appealability,[1] Bryon Koering challenges

the district court's denial of his habeas corpus petition.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1] Koering's motion to expand the certificate of appealability to self-defense and defense-of-property issues is **DENIED**.  9th Cir. R. 22-1(e).  No "jurists of reason could disagree with the district court's resolution" of those issues. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Our habeas review is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  AEDPA provides that if a federal habeas petitioner is in custody pursuant to a state court judgment and the petitioner's "claim . . . was adjudicated on the merits in" state court proceedings,[2] our review is deferential.  28 U.S.C. § 2254(d).  We may grant the writ only if: (1) the state adjudication "was contrary to, or involved an unreasonable application of" clearly established federal law, as determined by the Supreme Court; or (2) the state adjudication "was based on an unreasonable determination of the facts in light of the evidence presented."  *Id.* §§ 2254(d)(1)–(2).

The California Court of Appeal's decision affirming the trial court's decision not to instruct on a lesser included offense does not satisfy either prong of § 2254(d).  Koering was entitled to jury instructions regarding his theory of defense, and the trial court's instructions were consistent with his theory.  *See Mathews v. United States*, 485 U.S. 58, 63 (1988); *California v. Trombetta*, 467 U.S. 479, 485 (1984); *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000).

---

[2] Where, as here, the state court rejects a "federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits" for AEDPA purposes.  *Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013); *Harrington v. Richter*, 131 S. Ct. 770, 784–85 (2011).  Although habeas petitioners may overcome the presumption in some circumstances, *see Harrington*, 131 S. Ct. at 785, Koering has not done so here.

Although Koering contends that the jury should have received instructions regarding brandishing a firearm, *see* Cal. Penal Code § 417, he did not rely on a brandishing theory of defense, and nothing in the record shows that he even sought such an instruction.

Koering then argues that the jury should have received a brandishing-a-firearm instruction because brandishing is a lesser included offense of assault with a firearm. *Id.* § 245(a)(2). This argument runs counter to California authority holding that section 417 brandishing is not a lesser included offense of section 245 assault. *See People v. Steele*, 99 Cal. Rptr. 2d 458, 462–65 (Ct. App. 2000); *People v. Escarcega*, 117 Cal. Rptr. 595, 599–600 (Ct. App. 1974). But even assuming *arguendo* that brandishing were a lesser included offense of assault, the "failure of a state trial court to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question." *Windham v. Merkle*, 163 F.3d 1092, 1106 (9th Cir. 1998); *Bashor v. Risley*, 730 F.2d 1228, 1240 (9th Cir. 1984).

**AFFIRMED.**